**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **NATALIE BEER,** *as mother and guardian of minor A.B. and* **CHRISTOPHER BEER,** *as father and guardian of minor A.B.,*<br><br>    Plaintiffs,<br><br>  v.<br><br>**USD 512 SHAWNEE MISSION,**<br><br>    Defendant. | Case No. 21-cv-2365-DDC-TJJ |
| **USD 512 SHAWNEE MISSION,**<br><br>    Plaintiff,<br><br>  v.<br><br>**NATALIE BEER,** *as mother and guardian of minor A.B.,* **CHRISTOPHER BEER,** *as father and guardian of minor A.B.,*<br><br>    Defendants. | Case No: 21-cv-2604-DDC-TJJ |
| **CHRISTOPHER BEER,** *as father and guardian of minor A.B. and* **NATALIE BEER,** *as mother and guardian of minor A.B.,*<br><br>  v.<br><br>**USD 512 SHAWNEE MISSION,**<br><br>    Defendant. | Case No. 21-cv-2608-DDC-TJJ |

**MEMORANDUM AND ORDER**

This matter is before the Court on USD 512 Shawnee Mission's Motion for Leave to File Administrative Record Under Seal, filed in the two actions that seek judicial review of the administrative proceedings that arise pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq*. ("the IDEA").[1] The IDEA requires the administrative record of the underlying proceedings be filed with the court,[2] and USD 512 Shawnee Mission ("the School District") seeks leave to file the administrative record under seal. Plaintiffs oppose the motion.

The School District argues the administrative record should be sealed because of the sensitive nature of these consolidated cases. For support, the School District points to the parties' unopposed motions in their respective appeals to use a pseudonym for the student at issue, both of which the court granted. The School District acknowledges the right of access to judicial records, a common law right derived from the public's interest in understanding disputes that are presented to a public forum for resolution and intended to ensure that courts are fair and judges are honest.[3] But the School District also points out the public's right of access is not absolute.[4] The Court therefore has discretion to seal documents if competing interests outweigh the public's right of access.[5] In exercising its discretion, the Court weighs

---

[1] In Case No. 21-cv-2604-DDC-TJJ, the motion is ECF No. 20. In Case No. 21-cv-2608-DDC-TJJ, the motion is ECF No. 16. Case No. 21-cv-2365-DDC-TJJ is currently stayed.

[2] 20 U.S.C. § 1415(i)(2).

[3] *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980); *Worford v. City of Topeka*, No. 03-2450-JWL, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004).

[4] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011).

[5] *Id*.; *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985).

the public's interests, which it presumes are paramount, against those advanced by the parties.[6] The party seeking to overcome the presumption of public access to the documents bears the burden of showing some significant interest that outweighs the presumption.[7]

The School District contends no legitimate reason compels the release of A.B.'s records, and certainly none that "trumps a school district's obligation to maintain the confidentiality of those records."[8] This obligation stems primarily from the Family Education Rights and Privacy Act ("FERPA"),[9] which prohibits school districts from disclosing education records without parental consent. Congress enacted FERPA to assure parents and students access to their educational records and to protect such individuals' rights to privacy by limiting the transferability of their records without their consent.[10]

> Under its terms, educational institutions . . . must obtain written parental consent prior to releasing students' records or information derived therefrom. The statute takes a carrot-and-stick approach: the carrot is federal funding; the stick is the termination of such funding to any educational institution "which has a policy or practice of permitting the release of educational records (or personally identifiable information contained therein ...) of students without the written consent of their parents."[11]

---

[6] *Helm*, 656 F.3d at 1292.

[7] *Id.*; *Mann*, 477 F.3d at 1149.

[8] ECF No. 17 at 6.

[9] 20 U.S.C. § 1232g. The IDEA also adopts by reference the confidentiality provisions of FERPA. *See* 20 U.S.C. § 1417(c).

[10] *See* 120 Cong. Rec. 39,862 (1974) (joint statement of Sens. Pell and Buckley explaining major amendments to FERPA).

[11] *Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 68 (1st Cir. 2002) (quoting 20 U.S.C. § 1232g(b)(1)).

Although parental consent is a prerequisite to the release of student records, the School District argues neither the IDEA nor FERPA require the administrative record to be accessible to the public once consent is given. The argument misses the point. Plaintiffs do not believe public filing is required by either statute. "[I]t is clear that FERPA was adopted to address systematic, not individual, violations of students' privacy and confidentiality rights through unauthorized releases of sensitive educational records. The underlying purpose of FERPA was not to grant individual students a right to privacy or access to educational records, but to stem the growing policy of many institutions to carelessly release student records."[12]

The School District makes two more arguments. First, it asserts various sections of the IDEA and the Kansas Special Education for Exceptional Children Act "reflect a strong interest in ensuring that a child who is the subject of a due process proceeding under the Act remains confidential and that his or her personal information not be disclosed to the public."[13] Indeed, the hearing officer did not open the due process hearing despite Plaintiffs' request that it be open, which resulted in the testimony and evidence presented at the hearing remaining confidential. But the hearing officer also examined the complete administrative record without redaction. This action is a review of the evidence, both written and in the form of testimony, and the court's analysis will not be affected by whether the hearing was open or closed.

Second, the School District contends that compliance with the court's order requiring all filings to refer to A.B. by pseudonym will necessitate filing a redacted version of the administrative record pursuant to Federal Rule of Civil Procedure 5.2(a). But Rule 5.2(b)

---

[12] *Smith v. Duquesne University,* 612 F. Supp. 72, 80 (W.D. Pa. 1985).

[13] ECF No. 17 at 9.

exempts from the redaction requirement "the record of an administrative or agency proceeding."[14] Accordingly, no redaction will be necessary.

In their words, Plaintiffs "make no qualms about their desire to share their family's story with others (including the media) in hopes of preventing other District students from facing a similar fate."[15] The School District's lack of interest in such publicity is understandable. But in light of Plaintiffs' consent to disclose and release all documents and records contained in the administrative record,[16] along with the presumption of public access to the documents, the Court finds the motion should be denied.

**IT IS THEREFORE ORDERED** that USD 512 Shawnee Mission's Motion for Leave to File Administrative Record Under Seal[17] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court's order granting USD 512 Shawnee Mission's Revised Motion to Authorize Conventional Filing Under Seal (ECF No. 32 in Case No. 21-cv-2604-DDC-TJJ, ECF No. 28 in Case No. 21-cv-2608-DDC-TJJ) is hereby modified as follows: the School District is permitted to conventionally file the items identified therein, but the items will not be maintained under seal.

Dated this 19th day of May, 2022, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[14] Fed. R. Civ. P. 5.2(b)(2).

[15] ECF No. 20 at 4.

[16] Plaintiffs have executed a written consent to disclose and release all documents and records contained in the administrative record. *See* ECF No. 20-2.

[17] In Case No. 21-cv-2604-DDC-TJJ, the motion is ECF No. 20. In Case No. 21-cv-2608-DDC-TJJ, the motion is ECF No. 16.